IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DCR FUND I, L.L.C., | ) |
|         Plaintiff, | ) |
| v. | ) No. CIV-03-772-L |
| TAL TECHNOLOGIES, INC., et al., | ) |
|         Defendants and | ) |
| MOSHE TAL, individually and as assignee of claim of Tal Technologies Inc., TS Family Limited Partnership, and Bricktown Grain Elevator Company, | ) |
|         Counterclaimant/Third Party Plaintiff, | ) |
| v. | ) |
| DCR FUND I, L.L.C., and BRIDGEVIEW BANK, N.A., | ) |
|         Counterclaim/Cross-Claim Defendants, | ) |
| v. | ) |
| BANK ONE, N.A., et al., | ) |
|         Third-Party Defendants. | ) |

# **O R D E R**

On December 6, 2004, the court issued an Order declaring that plaintiff was entitled to judgment in its favor and third-party defendant Bank One, N.A. was

1

entitled to dismissal of this action.  In addition, the court found that defendant Bridgeview Bank, N.A. ("Bridgeview") was entitled to a judgment declaring its mortgage a junior lien on the property at issue and that the mortgage secured payment of attorney's fees associated with the foreclosure proceeding.  On December 23, 2004, the court entered its Journal Entry of Judgment.  This matter is before the court on motions to alter or amend presented by plaintiff, Bridgeview, and defendant Moshe Tal.[1]

Plaintiff asks the court to amend the judgment to reflect what it now says is the correct insurance cost.  In its motion, plaintiff states that "[t]hrough examination of its records, DCR has discovered that its calculations for the insurance costs, which were awarded in the Judgment, entered on December 23, 2004 were incorrect."[2]  In addition, plaintiff contends the court "incorrectly awarded post-judgment interest accruing at an annual rate of 2.66%, in accordance with 28 U.S.C. § 1961."  Plaintiff's Motion at 2.  Bridgeview joins in plaintiff's motion, but also seeks amendment of the judgment to reflect its entitlement to an *in personam* judgment against Tal Technologies, Inc. ("TTI) and Moshe Tal, individually.  It also asks the

---

[1] Tal filed both his initial (Doc. No. 256) and corrected (Doc. No. 257) motion to alter or amend prior to the date the court entered judgment in this matter.  Those motions were thus premature.  The court has, however, reviewed both motions and briefs in conjunction with Tal's timely filed Motion to Alter the Court's December 23, 2004 Journal Entry of Judgment (Doc. No. 262).

[2] Plaintiff, DCR Fund I, L.L.C.'s Motion to Amend Journal Entry of Judgment of December 23, 2004 to Reflect Proper Judgment Amounts and to Change the Interest Rate to Reflect the Note Rate and Brief in Support at 2 [hereinafter cited as "Plaintiff's Motion"].

court "for an order that said judgment constitutes a junior lien against TTI's real property described in the Judgment."[3] In his motion to alter or amend, Tal argues that the court erred as a matter of law in granting summary judgment against him because material facts are in dispute.

The purpose of a motion to alter or amend the judgment "is to correct manifest errors of law or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (*quoted in* Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992)).

> When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.

Cherry v. Bowman, 901 F.2d 1053, 1057-58 n.6 (11th Cir. 1990) (*quoted in* Campbell, 962 F.2d at 1523).

Based on these standards, the court denies plaintiff's motion to alter or amend. Plaintiff has not offered any competent proof of the amount it paid to insure the property at issue. The exhibits attached to Plaintiff's Motion constitute hearsay and, regardless, are insufficient to establish any amount *paid* by plaintiff. As the parties have not stipulated to an amount for insurance costs and plaintiff has failed to provide proof, the court will delete the amount for insurance from the Amended

---

[3]Bridgeview Bank, N.A.'s Combine Motion to Amend Journal Entry of Judgment and, in the Alternative, Motion for Partial New Trial and Brief in Support at 2.

Journal Entry of Judgment. Likewise, plaintiff is not entitled to the default contract rate as the post-judgment interest rate. While plaintiff is correct that parties may contract for a post-judgment interest rate that differs from the rate provided by § 1961, plaintiff has not sustained its burden of proving that the parties did so here. As the Court of Appeals for the Tenth Circuit recently held:

> The general rule under federal . . . law is that "when a valid and final judgment for the payment of money is rendered, the original claim is extinguished, and a new cause of action on the judgment is substituted for it. In such a case, the original claim loses its character and identity and is merged in the judgment." "If parties want to override the general rule on merger and specify a post-judgment interest rate, they must express such intent through clear, unambiguous and unequivocal language."

Society of Lloyd's v. Reinhart, 402 F.3d 982, 1004 (10th Cir. 2005) (citations omitted). The contracts at issue here make no mention of post-judgment interest rates. As the parties failed to indicate that the contract rate would apply to any judgment rendered,[4] the court finds the appropriate post-judgment interest rate is that provided by 28 U.S.C. § 1961.

Likewise, the court denies Tal's motions to alter or amend. In his motions, Tal merely reiterates the arguments the court rejected when ruling on the motions for summary judgment. The court has carefully reviewed Tal's briefs and supporting documents and finds that reconsideration of its prior rulings is not warranted.

---

[4] *See* Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2004) (*cited with approval in* Reinhart, 402 F.3d at 1004).

In contrast, the court grants Bridgeview's motion in part. The court concurs that, pursuant to the note and guaranty agreement, TTI and Tal are liable for any attorney's fees the court may award. The court therefore grants Bridgeview's request for modification of the judgment to reflect an *in personam* judgment against TTI and Tal for any attorney's fees that might be awarded. Bridgeview's request that the court issue an order declaring its judgment a junior lien against the TTI property is denied as moot. The Journal Entry of Judgment already reflects the status of Bridgeview's judgment. *See* Journal Entry of Judgment at 4, 5.

In sum, Moshe Tal's Motion to Alter the Court's December 6, 2004 Order and Corrected Motion to Alter the Court's December 6, 2004 Order (Doc. Nos. 256 and 257) are DENIED as premature. Plaintiff, DCR Fund I, L.L.C.'s Motion to Amend Journal Entry of Judgment of December 23, 2004 to Reflect Proper Judgment Amounts and to Change the Interest Rate to Reflect the Note Rate (Doc. No. 260) is DENIED. Bridgeview Bank, N.A.'s Combined Motion to Amend Journal Entry of Judgment and, in the Alternative, Motion for Partial New Trial (Doc. No. 261) is GRANTED in part and DENIED in part. Moshe Tal's Motion to Alter the Court's December 23, 2004 Journal Entry of Judgment which Granted All Opponents' Motions for Summary Judgment and Dismissed the Tals' Claims and Motion for New Trial (Doc. No.262) is DENIED.

An Amended Journal Entry of Judgment consistent with the court's rulings will issue forthwith.

It is so ordered this 3rd day of June, 2005.

_____
TIM LEONARD
United States District Judge