IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DCR FUND I, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-03-772-L |
| | ) | |
| TAL TECHNOLOGIES, INC., et al., | ) | |
| | ) | |
| Defendants and | ) | |
| | ) | |
| MOSHE TAL, individually and as assignee of claim of Tal Technologies Inc., TS Family Limited Partnership, and Bricktown Grain Elevator Company, | ) | |
| | ) | |
| Counterclaimant/Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DCR FUND I, L.L.C., and BRIDGEVIEW BANK, N.A., | ) | |
| | ) | |
| Counterclaim/Cross-Claim Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK ONE, N.A., et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

# **O R D E R**

On June 5, 2003, plaintiff, DCR Fund I, L.L.C., brought what was purported to be a simple action to recover on a promissory note executed by defendant Tal

Technologies, Inc. ("TTI") in favor of DCR's predecessor in interest, Bank One, N.A. In addition, DCR sought to foreclose the mortgage associated with the note and to enforce guaranty agreements executed by defendants TS Family Limited Partnership and Moshe Tal, president of TTI. The Tal defendants answered and admitted executing the promissory note, mortgage, and guaranty agreement, but denied that DCR was entitled to recover. They claimed that DCR was bound by Bank One's oral agreement to defer payments on the note pending the outcome of condemnation litigation between TTI and the City of Oklahoma City.[1] Based on this alleged oral agreement, the Tal defendants asserted a counterclaim against DCR and a third-party action against Bank One. In the third-party action, defendants claimed that Bank One made false representations when it sold the note to DCR because it did not inform DCR of the deferral agreement. The Tal defendants also sought to enforce the alleged oral agreement so that TTI would not be considered in default of the DCR loan.

In addition to naming TTI, Tal, and TS Family Limited Partnership as defendants, DCR named defendant Bridgeview Bank, N.A. as an entity that might have some interest in the real property. Bridgeview answered the complaint and filed a cross-complaint against TTI and Tal. Bridgeview alleged that TTI defaulted on a note executed on May 15, 2001 and that Tal was liable to it pursuant to a

---

[1] The litigation between the City and Tal is fully described in the Order issued by the Honorable Stephen P. Friot on September 30, 2003. Bricktown 2000, Inc. v. Hogan, Case No. CIV-02-324-F, Order at 4-5 (W.D. Okla. filed Sept. 30, 2003).

guaranty agreement executed that same date.  In addition, Bridgeview alleged that the note was secured by a mortgage on the same property covered by the DCR mortgage and that Bridgeview's mortgage constituted a second lien on the property at issue.  In the 2001 note, TTI had agreed to pay "an attorney's fee equal to a minimum of 15% of all sums due upon default or such other maximum fee as allowed by law."  Exhibit 18 to Bridgeview's Motion for Summary Judgment. Likewise, the mortgage provided for payment of attorney's fees in the event of default and noted that the payment of such fees "shall be secured by this Mortgage." Exhibit A to Bridgeview Bank, N.A.'s Motion for Attorney Fees at 2.  Tal individually guaranteed payment of the 2001 note and agreed "to pay all sums due and to become due to Lender from Debtor, and all losses, costs, attorney fees or expenses which may be suffered or incurred by Lender by reason of Debtor's default . . . ." Exhibit B to Bridgeview Bank, N.A.'s Motion for Attorney Fees.  The Tal defendants asserted counterclaims against Bridgeview for duress, violation of the Fair Debt Collection Practices Act, abuse of process, conversion, and tortious interference.

On December 6, 2004, the court issued an Order declaring DCR was entitled to judgment in its favor and third-party defendant Bank One, N.A. was entitled to dismissal of this action.  The court specifically found evidence of the alleged oral agreement to defer payments was barred by the parol evidence rule and the note's integration clause.  The court also held that enforcement of any oral agreement was barred by Oklahoma's statute of frauds.  With respect to Bridgeview, the court

concluded the bank was entitled to a judgment declaring its mortgage a junior lien on the property at issue and that the mortgage secured payment of attorney's fees associated with the foreclosure proceeding. The court found that TTI and Tal admitted executing the 2001 note, mortgage, and guaranty agreement and Bridgeview had established TTI's default under the terms of the note and mortgage. The court, however, held that Bridgeview was not entitled to a money judgment as the principal and interest due on the 2001 note had been satisfied by the non-judicial foreclosure of additional collateral. The court also granted summary judgment to Bridgeview on the counterclaims asserted by the Tal defendants. On December 23, 2004, the court entered its Journal Entry of Judgment. Motions to amend or alter the judgment were thereafter presented by DCR, Bridgeview, and defendant Moshe Tal.[2] On June 3, 2005, the court denied DCR's and Tal's motion to alter or amend, but granted Bridgeview's motion in part. The court issued an amended Journal Entry of Judgment that same date.

This matter is before the court on motions for attorney's fees presented by DCR, Bank One, and Bridgeview. DCR contends it is entitled to fees pursuant to provisions in the note, mortgage, and guaranty agreements. Likewise, Bridgeview asserts entitlement to fees based on its loan documents. Bank One contends that it is entitled to recover fees based on the terms of the loan documents it sold to DCR. It argues the claims asserted in the third-party action against it "were all

---

[2]The corporate defendants did not file their own motion to alter or amend.

based upon the Note, Mortgage and Guarantees entered between Third-Party Plaintiffs and Bank One.  As a result, Bank One is entitled to its attorney fees as the prevailing party . . . ."  Bank One's Brief in Support of Motion for Attorney's Fees at 2-3.  In addition, the parties assert a statutory entitlement to fees pursuant to 12 O.S. § 936, which provides that:

> In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

12 O.S. § 936.

Oklahoma follows the American Rule, which provides that a prevailing party is generally not entitled to recover attorney's fees absent statutory or contractual authorization.  *See* State *ex rel.* Dep't of Transp. v. Carter, 107 P.3d 593, 594 (Okla. 2005).  In this case, there is no dispute that Bank One is a prevailing party.  Although Bank One did not receive an affirmative judgment, the claims against it were dismissed.  Nonetheless, the court finds that Bank One is not entitled to recover its fees.  While Bank One is correct that the loan documents at issue in this case provide for the payment of attorney's fees,[3] it is no longer the holder of those

---

[3]The Bank One note provides that "[a]ll parties liable for payment hereunder agree to pay reasonable costs of collection, including an attorney's fee of a minimum of fifteen percent (15%) of all sums due upon default."  Exhibit 2 to Bank One's Brief in Support of Motion for Attorney's Fees at 1.  Likewise, the mortgage permits the lender to foreclose the mortgage and "to collect all costs and expenses incurred in pursuing such remedies . . . specifically including, without limitation,

documents. Moreover, Bank One's involvement in this action was not premised on its right to recover under the negotiable instruments; rather, Bank One was sued by the Tal defendants for alleged misrepresentation. Defendants' claims were premised on the note only to the extent that it provided the context in which the fraud allegations arose. Thus, Bank One is not entitled to collect fees as a matter of contractual right. *See* Tuloil, Inc. V. Shahid, 254 B.R. 40, 44 (10th Cir. BAP 2000). Moreover, the case with respect to Bank One was simply not an action to recover on a note or a negotiable instrument; thus, 12 O.S. § 936 provides no basis for an award of fees. *See* Kay v. Venezuelan Sun Oil Co., 806 P.2d 648, 652 (Okla. 1991). Bank One's Motion for Attorney's Fees must therefore be denied.

There is likewise no dispute that DCR and Bridgeview are prevailing parties and that their loan documents provide for the payment of fees in the event of default. Tal,[4] however, argues that such provisions are contrary to public policy and therefore void. The court rejects Tal's public policy argument; the cases cited by him in support of this claim are inapposite as they are contrary to Oklahoma law. The court also rejects the Tal defendants' contention that Bridgeview is not entitled to recover any fees after the non-judicial foreclosure. Although the non-judicial foreclosure provided sufficient funds to satisfy the principal and interest due under the note,

---

its reasonable attorney's fees . . . ." Id. at 2.

[4]The corporate defendants did not file written responses to the motions for attorney's fees, although they appeared through counsel at the evidentiary hearing.

Bridgeview did not receive sufficient funds to pay all of the attorney's fees incurred in this action as of the date of the foreclosure.[5] Moreover, Bridgeview continued to incur additional fees in this matter, largely due to the Tal defendants' actions. From October 28, 2003 until judgment was entered on December 23, 2004, the Tal defendants filed 27 motions, including motions for summary judgment, to realign the parties, and to vacate or to reconsider prior orders of this court. The Tal defendants' assertion that Bridgeview should have dismissed itself from this action is disingenuous given that the Tal defendants continued to assert counterclaims against Bridgeview. Bridgeview was therefore still obligated to defend itself against Tal's defenses and counterclaims.

As the statute permits only an award of reasonable attorney's fees, the court has scrutinized the fee requests in light of the standards enunciated by the Oklahoma Supreme Court in State *ex rel* Burk v. City of Oklahoma City, 598 P.2d 659, 661 (Okla. 1979). Based on this review and the evidence presented at the evidentiary hearing held on June 21, 2005, the court finds certain expenditures of time by counsel are not compensable or are excessive. With respect to DCR's fee

---

[5]Bridgeview received $257,371.76 as a result of the non-judicial foreclosure, which occurred on October 28, 2003. After amounts were allocated to the two promissory notes associated with the mortgaged property, $41,500.00 remained. $2,920.00 of this amount was allocated to the attorney's fees associated with the non-judicial foreclosure. See Hearing Exhibit Bridgeview 1 at 1-5. The remaining $38,580.00 was allocated to the fees incurred as of October 28, 2003 in this action. As of October 28, 2003, Bridgeview had incurred fees totaling $50,450.00 in this case. Thus, the non-judicial foreclosure did not completely satisfy the amounts due under the mortgage and guaranty.

request, the court specifically disallows charges for time expended on clerical tasks;[6] time that was incorrectly billed to this case;[7] time for preparing the disclaimer filed on behalf of R.D. Rhodes Oil Company;[8] time billed as "attention to";[9] and time charged by James E. Britton for intra-office conferences.[10]   With respect to

---

[6]The court disallows the charges associated with the following time entries:  6/5/03 - 2.45 hours; 6/6/03 - .75 hours; 6/20/03 - .50 hours; 6/23/03 - .25 hours; 9/29/03 - .50 hours; 11/3/03 - 1.0 hour; 11/4/03 - .50 hours; 11/6/03 - .50 hours; 11/13/03 - .25 hours; 7/22/04 - .50 hours; 9/15/04 - .50 hours; 10/5/04 - .75 hours; 11/8/04 - .50 hours; 11/15/04 - 1.0 hour; 11/16/04 - 2.0 hours; 1/4/05 - .75 hours.  This results in a total deletion of $1,800.00, which represents 10.2 hours at $125.00 per hour and 3.0 hours billed at $175.00 per hour.

[7]During the evidentiary hearing, counsel conceded that three entries were incorrectly billed to this account:  8/20/03 - .25 hours; 10/14/03 - .50 hours; and 1/27/05 - 5.0 hours.  This results in a deletion of $756.25 (5.0 hours at $125.00 per hour and .75 hours at $175.00 per hour).

[8]Counsel for DCR billed 3.50 hours at $175.00 an hour for conferences with counsel for defendant R.D. Rhodes and to prepare a disclaimer filed on behalf of R.D. Rhodes.  *See* entries for 7/25/03 - 1.50 hours; 7/28/03 - .50 hours; 8/4/03 - .25 hours; 8/11/03 - .50 hours; 8/12/03 - .25 hours; and 8/15/03 - .50 hours.  This time is not properly charged against the Tal defendants.

[9]Counsel for DCR did not adequately explain these entries, which the court finds to be duplicative of other work by counsel.  The court thus disallows the charges associated with the following time entries:  4/8/03 - .25 hours; 4/18/03 - .25 hours; 6/24/03 -.25 hours; 6/26/03 -.25 hours; 7/31/03 - .50 hours; 8/26/03 - .25 hours; 9/16/03 - 2.50 hours; 3/4/04 - .25 hours; 3/23/04 - 1.50 hours; 4/2/04 - 1.75 hours; 4/20/04 - .50 hours; 4/26/04 - 1.25 hours; 4/27/04 - 3.25 hours; 4/28/04 - 3.0 hours; 4/30/04 - .75 hours; 5/6/04 - .25 hours; 5/11/04 - .25 hours; 7/16/04 -2.25 hours; 7/29/04 -.50 hours; 8/3/04 - 2.5 hours; 8/11/04 - 2.5 hours; 8/12/04 - .50 hours; 8/17/04 - 1.0 hour; 8/18/04 - 1.75 hours; 9/1/04 - 1.0 hour; 9/2/04 - 3.25 hours; 9/6/04 - 2.5 hours; 9/20/04 - 1.0 hour; 9/21/04 - .25 hours; 9/22/04 - .50 hours; 9/23/04 - .50 hours; 10/21/04 - .50 hours; 10/22/04 - 2.5 hours; 11/2/04 -3.25 hours; 11/3/04 -3.5 hours; 11/5/04 - .50 hours; 11/9/04 - 5.0 hours; 11/11/04 - .50 hours; 11/15/04 - 1.0 hour; 11/22/04 - 1.0 hour; 12/1/04 - .50 hours; 12/2/04 - 1.75 hours; 12/14/04 - 1.0 hour; 12/22/04 - .75 hours; 12/30/04 -.75 hours; 1/4/05 - 2.75 hours; 1/7/05 - 2.75 hours; 1/10/05 - 3.0 hours; 1/14/05 - 4.75 hours; 1/20/04 - 2.0 hours; 1/31/05 - .75 hours; 2/14/05 - .25 hours.  This amount to a deduction of $13,256.25 (75.75 hours at $175.00 per hour). Certain other entries that reflect "attention to" were disallowed as clerical expenditures or time not properly charged to these defendants.

[10]The court disallows the one hour charged by Mr. Britton which was solely for intra-office conferences.  This results in a deduction of $275.00.

Bridgeview, the court disallows charges for time expended on clerical tasks;[11] time that was incorrectly billed to this case;[12] and excessive time that was spent researching issues regarding injunctive relief.[13]

The court must also determine the appropriate hourly rate. DCR and Bridgeview have the burden of proof on this issue as well. *See* Beard v. Teska, 31 F.3d 942, 955 (10th Cir. 1994).

---

[11]The court disallows charges associated with the following entries: 8/13/03 - .75 hours; 8/15/03 - 1.50 hours; 9/29/03 - .75 hours; 10/21/03 - 3.5 hours; 10/22/03 - 3.75 hours; 10/29/03 - .50 hours; 1/27/04 - 1.0 hour; 2/3/04 - 1.75 hours; 2/25/04 - .50 hours; 3/16/04 - 1.25 hours; 3/18/04 - .25 hours; 11/5/04 - 3.75; 11/10/04 - 7.0 hours; 11/11/04 - 3.4 hours; 1/10/05 - 1.0 hour; 6/13/05 - 1.5 hours. This results is a decrease of $7,196.25. The court calculated this amount by multiplying 31.4 hours at Kevin Blaney's rate of $225 per hour and .75 hours by Elizabeth A. Morehead's rate of $175.00 per hour. As the records supplied by Bridgeview do not indicate who expended the time shown, it is impossible for the court to determine who performed what services on which dates. There are two exceptions to this, however. In its Supplement/Correction to Bridgeview Bank's Motion for Attorney Fees, Bridgeview has provided the dates of service and services rendered by contract attorney Kenneth I. Jones, Jr. Also, in reviewing the records, the court can determine that the disallowed entries for February 25, 2004 and March 18, 2004 were performed by someone other than Kevin Blaney since the services were performed for his use. Because of this failure of proof, the court has, unless it can determine otherwise, multiplied the disallowed time by the highest billable rate.

[12]After the hearing, counsel for Bridgeview reviewed their records and determined that the following time should be deleted from the billings by Kevin Blaney, P.C.: 6/26/03 - 1.0 hour; 7/1/03 - .50 hours; 7/11/03 - 1.5 hours; 8/8/03 - .25 hours; 8/17/03 - .75 hours; 8/19/03 - 1.1 hours; 8/27/03 - 2.5 hours; 8/29/03 - .25 hours; 9/23/03 - 1.0 hour; 10/24/03 - 1.25 hours; 10/30/03 - .20 hours; 2/27/04 - 1.0 hour; 2/29/04 - 2.0 hours. In addition, the court has determined that the following entries in the Blaney billings also reflect time that should have been billed to the state court or BGE matter: 8/27/03 - .25 hours; 8/29/03 - .50 hours; 10/28/03 - 1.1 hours. The court thus deletes 15.15 hours at $225.00 per hour for a total deduction of $3,408.75 from the Blaney billings. In addition, Bridgeview seeks fees for work performed by the law firm of McKinney & Stringer. In a supplemental affidavit, David A. Cheek indicated two entries should be removed from the fee request as it appears they relate to the state court action. *See* Supplemental Affidavit of David A. Cheek Concerning Attorneys' Fees at ¶ 7. The Supplemental Affidavit also reflects that 30.25 hours expended by Corree L. Stevenson should be reduced by one-half. In addition, the court deletes a redundant entry on 1/15/04 by David A. Cheek in the amount of $117.50. The total reduction for McKinney & Stringer equals $2,823.13.

[13]Counsel charged 52.6 hours for this research. The court finds this is excessive and deletes it by half, resulting in a deduction of $5,917.50 (26.3 hours at $225.00 per hour).

> [O]n the hourly rate issue, the applicant may meet that burden by way of (Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)):
>
>> satisfactory evidence -- in addition to the attorney's own affidavit -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably compared skill, experience, and reputation.

Beard, 31 F.3d at 955. The court finds the parties have met this burden with respect to all attorneys except Kenneth I. Jones, Jr., as no evidence reflects his hourly rate. In establishing a rate for Mr. Jones, the court is permitted to turn to its own knowledge of the rates prevailing in the community. Smith v. Freeman, 921 F.2d 1120, 1122 (10th Cir. 1990). The court assumes that the billings reflect an hourly rate for Mr. Jones equivalent to that charged by Mr. Blaney as Mr. Jones' time was initially charged as having been expended by Mr. Blaney. *See* Affidavit in Support of Bridgeview Bank, N.A.'s Motion for Attorney Fees at ¶ 4. The court finds the services performed by Mr. Jones, however, were akin to those performed by an associate. The court therefore concludes that his hourly rate should equal that charged by the other associate in Mr. Blaney's office. This results in a reduction of $50.00 per hour for 56.55 hours, a total of $2,827.50.[14] In addition, the court reduces the hourly rate for Courtney Davis to the rate charged to DCR, rather than

---

[14]Mr. Jones charged 63.55 hours. The court, however, already reduced this amount by 7 hours for excessive time expended on research related to injunctions. *See supra*, n.13.

the rate reflected in the Affidavit of Michael Gray at ¶ 3.[15]  This results in a reduction of $55.50.

In sum, to the extent indicated above, Plaintiff's Motion for Attorney's Fees (Doc. No. 263) and Motion for Additional Attorney's Fees Incurred Subsequent to the Court's Original December 23, 2004 Journal Entry of Judgment (Doc. No. 314) are GRANTED.  Plaintiff is awarded attorney's fees in the amount of $109,480.50. Bridgeview Bank, N.A.'s Motion for Attorney Fees (Doc. No. 278) and Bridgeview Bank's Motion for Additional Attorney Fees Incurred Since January 6, 2005 (Doc. No. 317) are GRANTED.  Bridgeview Bank's Application for Leave to File Reply Brief (Doc. No. 307) is DENIED.  Bridgeview Bank is awarded $87,677.50 in attorney's fees for time expended by the law firm of Kevin Blaney, P.C. and $26,224.37 for time expended by the law firm McKinney & Stringer, for a total award of $113,901.87. Bank One's Motion for Attorney's Fees (Doc. No. 269) is DENIED.  Plaintiff's Motion to Strike (Doc. No. 351) is DENIED.  Judgment will issue accordingly.

It is so ordered this 12th day of October, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[15] The billing records attached to the affidavit reflect Ms. Davis' billing rate was $125.00 per hour, rather than $135.00 as indicated in the affidavit and Hearing Exhibit DCR 2.