IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DCR FUND I, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-03-772-L |
| ) | |
| TAL TECHNOLOGIES, INC., et al., ) | |
| ) | |
| Defendants and ) | |
| _____) | |
| MOSHE TAL, individually and as ) | |
| assignee of claim of Tal Technologies ) | |
| Inc., TS Family Limited Partnership, ) | |
| and Bricktown Grain Elevator Company, ) | |
| ) | |
| Counterclaimant/Third ) | |
| Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DCR FUND I, L.L.C., and ) | |
| BRIDGEVIEW BANK, N.A., ) | |
| ) | |
| Counterclaim/Cross- ) | |
| Claim Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| BANK ONE, N.A., et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

# **O R D E R**

On October 12, 2005, the court entered an Order awarding fees in favor of plaintiff, DCR Fund I, L.L.C, and against defendants Tal Technologies, Inc., Moshe

Tal, and Tal Solomon Family Limited Partnership. In addition, the court awarded fees to defendant Bridgeview Bank, N.A. against Tal Technologies, Inc. and Moshe Tal. This matter is before the court on Moshe Tal's[1] Motion to Alter the Court's October 12, 2005 Order and Judgment, Motion to Vacate Prior Orders/Judgments and for a New Trial on Bridgeview's Controversy.

The purpose of a motion to alter or amend the judgment "is to correct manifest errors of law or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986) (*quoted in* Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992)).

> When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.

Cherry v. Bowman, 901 F.2d 1053, 1057-58 n.6 (11th Cir. 1990) (*quoted in* Campbell, 962 F.2d at 1523). Based on this standard, the court finds Tal has failed to demonstrate reconsideration of the court's October 12, 2005 Order and Judgment is warranted. Tal presents no new evidence; rather, he merely reiterates the arguments previously raised. In addition, Tal's arguments demonstrate a fundamental misreading of the court's Order. For example, with respect to the

---

[1]No motion was presented on behalf of Tal Technologies, Inc. or Tal Solomon Family Limited Partnership.

McKinney & Stringer fees, Tal fails to comprehend that the court's deductions include the reductions Bridgeview conceded were appropriate. *See* Supplemental Affidavit of David A. Cheek Concerning Attorneys' Fees. Tal's assertions would constitute double-counting.

Moshe Tal's Motion to Alter the Court's October 12, 2005 Order and Judgment, Motion to Vacate Prior Orders/Judgments and for a New Trial on Bridgeview's Controversy (Doc. No. 359) is DENIED.

It is so ordered this 17th day of November, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge