IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DCR FUND I, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-03-772-L |
| TAL TECHNOLOGIES, INC., et al., | ) |
| Defendants and | ) |
| MOSHE TAL, individually and as assignee of claim of Tal Technologies Inc., TS Family Limited Partnership, and Bricktown Grain Elevator Company, | ) |
| Counterclaimant/Third Party Plaintiff, | ) |
| v. | ) |
| DCR FUND I, L.L.C., and BRIDGEVIEW BANK, N.A., | ) |
| Counterclaim/Cross-Claim Defendants, | ) |
| v. | ) |
| BANK ONE, N.A., et al., | ) |
| Third-Party Defendants. | ) |

# **O R D E R**

On December 6, 2004, the court issued an order declaring plaintiff, DCR Fund I, L.L.C., was entitled to recover on a promissory note executed by defendant Tal Technologies, Inc. ("TTI"). In addition, the court found DCR was entitled to foreclose

the mortgage associated with the note and to enforce the guaranty agreements executed by defendants TS Family Limited Partnership ("TSFLP") and Moshe Tal, president of TTI.  The court also ruled that defendant Bridgeview Bank, N.A. was entitled to a judgment declaring its mortgage a junior lien on the property at issue and that the mortgage secured payment of the attorney's fees associated with the foreclosure proceeding.  On June 3, 2005, the court issued an amended Journal Entry of Judgment reflecting an *in rem* judgment in favor of DCR and against TTI "in the amount of $191,946.46, along with interest accrued as December 23, 2004 in the amount of $83,686.65, plus post-judgment interest accruing at the annual rate of 2.66% from December 23, 2004 until paid, along with attorney's fees and costs to be awarded".  Amended Journal Entry of Judgment at 5 (Doc. No. 310).  DCR was granted *in personam* judgment against TTI, TSFLP and Tal in the same amount. Likewise, Bridgeview was granted judgment in an amount equal to its attorney's fees, in an amount to be determined.  On July 5, 2005, DCR and the Tal defendants filed separate notices of appeal.[1]

On June 21, 2005, the court held a hearing on DCR's and Bridgeview's motions for attorney's fees.  At the conclusion of the hearing, the court granted the parties additional time to submit supplemental briefs on issues raised during the

---

[1] DCR appealed the court's denial of its motion to amend the judgment to reflect post-judgment interest at the contractual rate and the court's refusal to allow DCR to recover expenses for insurance coverage of the property.  DCR Fund I, L.L.C.'s Amended Notice of Appeal (Doc. No. 322).  The DCR appeal was docketed as Case No. 05-6231.  The Tal defendants appealed not only the court's judgment and amended judgment, but also thirteen other orders issued by the court and the award of costs.  Notice of Appeal (Doc. No. 328).  The Tal defendants' appeal was docketed as Case No. 05-6232.

hearing. Thereafter, the court issued its order granting in part the motions for attorney's fees. The court awarded DCR $109,480.50 in fees, together with post-judgment interest at the rate of 4.09 percent, while Bridgeview's award totaled $113,901.87. Judgment (Doc. No. 358). After the court denied the Tal defendants' motion to alter or amend the judgment assessing fees, the Tal defendants timely appealed that judgment as well. Notice of Appeal (Doc. No. 372).

DCR moved to voluntarily dismiss its appeal on August 1, 2005.[2] The Court of Appeals granted DCR's request in an order dated August 2, 2005 and filed in this court on August 8, 2005. Mandate (Doc. No. 352). On January 9, 2006, the Court of Appeals granted the Tal defendants motion to consolidate the appeal on the merits with the fee appeal. DCR Fund I, LLC v. TS Family Ltd. P'ship, Case No. 05-6395, doc. entry 1876753 (10th Cir. Jan. 9, 2006). The remaining appeals were consolidated for panel submission and for disposition, but were to be separately briefed. Id. In the merits appeal, the parties not only filed a voluminous record, but also extensive briefs. As the Court of Appeals noted, the Tal defendants "identified no less than twenty issues for review and attached to their briefs an appendix consisting of seventeen district court orders that allegedly contain factual and/or legal errors." DCR Fund I, LLC v. TS Family Ltd. P'ship, 2008 WL 196298 at *4 (10th Cir. 2008). The fee appeal, however, was dismissed by the Court because the Tal defendants – after receiving numerous extensions of time – failed to file their

---

[2]The court takes judicial notice of the Court of Appeals' docket sheets for the appeals in this case as well as those documents filed in the Court of Appeals that are accessible on PACER.

initial brief on time.  DCR Fund I, LLC v. TS Family Ltd. P'ship, Case No. 05-6395, order at 2 (10th Cir. June 29, 2006).

On January 24, 2008, the Court of Appeals issued its Order and Judgment affirming this court's award of summary judgment to DCR and Bridgeview in all respects.  DCR Fund I, LLC v. TS Family Ltd. P'ship, 2008 WL 196298 (10th Cir. 2008).  The Court also granted DCR's and Bridgeview's requests for appeal-related attorney's fees in both the merits appeal and the fee appeal.  DCR Fund I, LLC v. TS Family Ltd. P'ship, Case Nos. 05-6232 & 05-6395, order at 2-3 (10th Cir. Feb. 26, 2008) (Doc. No. 391).  The Court remanded Case Nos. 05-6232 and 05-6395 to this court "for the limited purpose of determining the appropriate amount of fees to be awarded".  Id. at 4.  In addition, DCR and Bridgeview have filed motions seeking fees for time expended at the trial court level from June 2005 through December 2005.

As Oklahoma law permits only an award of reasonable attorney's fees, the court has scrutinized the fee requests in light of the standards enunciated by the Oklahoma Supreme Court in State *ex rel* Burk v. City of Oklahoma City, 598 P.2d 659, 661 (Okla. 1979).  Based on this review, the court finds certain expenditures of time by counsel are not compensable or are excessive.  With respect to DCR's fee request, the court specifically disallows charges for time expended on clerical tasks;[3]

---

[3] The court disallows the charges associated with the following time entries in Case No. 05-6232:  3/7/06 - .50 hours; 8/22/06 - .25 hours; 2/14/07 - .25 hours; 8/9/07 - .25 hours.  The court also disallows the charges associated with the following time entries in Case No. 05-6395: 6/1/06 - .25 hours; 6/14/06 - .25 hours.  In addition, the court disallows the following time entries in Case No. CIV-03-772-L:  1/31/08 - .50 hours; 2/6/08 - 1.0 hour (BRE - scanning documents) and .25

4

time spent on DCR's dismissed appeal as the Court of Appeals did not award fees for that appeal;[4] duplicative time charged to both appeals;[5] and time the court finds to be excessive or incorrectly noted.[6] In addition, the court disallows all time charged at the trial level by "OLD" as there is no evidence reflecting who this person is or the reasonableness of the rate charged by him or her. Finally, the court notes that certain time entries were misplaced. The August 5, 2005 entry for reviewing the joint docketing statement should be charged to the merits-based appeal, and the entries for August 1-2 regarding reviewing line item descriptions belong to the trial court time. Likewise, certain entries in the supplemental billing should be allocated to the merits-based appeal.[7] In addition to the fees requested, DCR requests

---

hours (MDG - checking status); 2/7/08 - .25 hours (BRE); 3/26/08 - .25 hours.

[4]The court disallows the charges associated with the following time entries in Case No. CIV-03-772-L: 6/8/05 - .25 hours; 7/5/05 - 1.25 hours; 7/7/05 - 1.75 hours; 7/12/05 - .50 hours; 7/13/05 - .25 hours. The court disallows the charges associated with the following time entries in Case No. 05-6232: 7/5/05 - 1.25 hours [this is a duplicate of time charged in the trial court case]; 7/18/05 - 1.0 hour; 7/18/05 - .50 hours; 7/18/05 - 1.0 hour; 7/25/05 - 1.0 hour; 7/26/05 - 4.0 hours; 7/28/05 - 1.0 hour; 7/29/05 - 1.0 hour. This results in a total disallowance of $2,581.25.

[5]The 1/4/06 charge of .75 hours to review the motion to consolidate was charged in both appeals. The court has allowed the charge only in the fee-related appeal as the motion was filed in that appeal. Thus, $131.25 is deleted from the fee requested in the appeal on the merits.

[6]In the merits-based appeal, DCR seeks fees for 3.0 hours for two telephone conferences regarding a motion for extension of time that occurred on December 28, 2005. The court finds 3.0 hours to be excessive and allows .50 hours for these conferences. In the fee appeal, the July 13, 2006 entry charges for 1.35 hours, but the description reflects that only .85 hours were expended. The court has thus deleted $67.50 (.50 hours x $135.00/hour). The supplemental billing provided on April 1, 2008 contains an entry for work on February 1, 2008 that does not appear to be related to this case. Exhibit 2 to DCR's Reply to the Tal's Objection to Bridgeview Bank's and DCR Funds, I, LLC's Motion to Attorneys Fees at 1 (Doc. No. 398). The court has thus disallowed .50 hours.

[7]The court allocates the following entries to Case No. 05-6232: 1/25/08 - 3.0 hours; 1/31/08 - .50 hours (BRE); 2/6/08 - 1.75 hours (MDG).

5

compensation for Westlaw expenses incurred in all three actions. The court finds such expenses are compensable pursuant to the parties' contract.[8]

With respect to Bridgeview's fee requests,[9] the court specifically disallows charges for time expended on clerical tasks;[10] duplicative time;[11] time that is not compensable as it was not performed on behalf of Bridgeview;[12] and time the court finds to be excessive.[13]

---

[8] The parties' "mortgage permits the lender to foreclose the mortgage and 'to collect all costs and expenses incurred in pursuing such remedies . . . specifically including, without limitation, its reasonable attorney's fees . . . .'" Order at 5-6 n.3 (Doc. No. 357).

[9] Bridgeview filed the motions for attorney's fees in the Court of Appeals and did not re-file them in this court. The court takes judicial notice of those filings, which were retrieved from PACER.

[10] The court disallows the charges associated with the following time entries in Case No. 05-6232: 1/10/06 - .10 hours; 2/14/06 - .10 hours; 3/8/06 - .10 hours; 3/8/06 - 2.50 hours. The court also disallows .10 hours of time charged on February 7, 2008 in Case No. 05-6395. This results in a total deletion of $652.50 (2.90 hours x $225.00/hour). As the records supplied by Bridgeview do not indicate who expended the time shown, it is impossible for the court to determine who performed what services on which dates. Because of this failure of proof, the court has multiplied the disallowed time by the highest billable rate.

[11] There are a number of entries in the fee-related appeal that appear to be duplicative. *Compare* 12/27/05 *with* 12/29/05; 12/28/05 *with* 1/3/06; 1/3/06 *with* 1/5/06; 6/15/06 *with* 6/27/06; 622/06 *with* 6/22/06; 7/13/06 *with* 7/17/06. The court has thus deducted $180.00 from those fees.

[12] In Case No. 05-6395, the court disallows the time expended on behalf of the motion to dismiss Kevin Blaney as a party (.40 hours expended on January 13, 2006).

[13] In the merits-based appeal, Bridgeview's attorneys charged 135.65 hours to research and draft a 52-page brief, of which 37 pages were substantive. In contrast, the attorneys for DCR expended 120 hours to research and draft a 76-page brief that contained 58 substantive pages. The court finds the time expended by Bridgeview to be excessive and therefore disallows 25.00 hours of time spent in Case No. 05-6232. In addition, in Case No. 05-6395, the court finds the expenditure of 7.25 hours to file a three-page document that basically adopted DCR's arguments is excessive. The court allows 1.25 hours for this task.

The court must also determine the appropriate hourly rate. DCR and Bridgeview have the burden of proof on this issue as well. See Beard v. Teska, 31 F.3d 942, 955 (10th Cir. 1994).

> [O]n the hourly rate issue, the applicant may meet that burden by way of (Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)):
>
>> satisfactory evidence -- in addition to the attorney's own affidavit -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably compared skill, experience, and reputation.

Beard, 31 F.3d at 955. The court takes judicial notice of the evidence adduced at the June 21, 2005 hearing on fees and finds the parties have met their burden of proof with respect to the hourly rates charged by the attorneys. While the 2005 hearing did not specifically address attorney Brock Ellis as he was not involved with the case at that time, the record does reflect that Mr. Ellis joined the Oklahoma Bar in 2002. His hourly rate is $135.00, $10.00 an hour above the rate the court found to be reasonable for an attorney who joined the bar in 2003. Based on its experience and knowledge of the local bar, the court finds the rate charged for Mr. Ellis to be "in line with those prevailing in the community for similar services by lawyers of reasonably compared skill, experience, and reputation." Beard, 31 F.3d at 955. The court notes that the supplemental billing provided by DCR reflects a rate of $145.00 per hour for Mr. Ellis for work performed in 2008. As DCR did not provide

the court with any justification for this increased rate, the court has used the lower rate of $135.00 per hour to calculate the award in this case.

In sum, to the extent indicated above, DCR's Motion for Additional Attorney's Fees Incurred Since the Filing of the Motion for Additional Attorney's Fees Incurred Subsequent to the Court's Original December 23, 2004 Journal Entry of Judgment and for Attorney's Fees Incurred on Appellate Case Numbers 05-6232 and 05-6395 (Doc. No. 385) and Bridgeview Bank's Second Motion for Additional Attorney Fees Incurred Since June 15, 2005 (Doc. No. 387) are GRANTED.  For work done at the trial level, DCR is awarded additional attorney's fees in the amount of $27,832.55.[14] DCR is awarded appellate fees of $28,442.25 in Case No. 05-6232[15] and $5,061.00 in Case No. 05-6395.  For work done at the trial level, Bridgeview is awarded additional attorney's fees in the amount of $5,708.75.  Bridgeview is awarded appellate fees of $35,166.25 in Case No. 05-6232 and $5,540.00 in Case No. 05-6395.  Judgment will issue accordingly.

It is so ordered this 7th day of May, 2008.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[14]Contrary to the assertion contained in DCR's reply brief, this amount includes fees incurred in drafting the reply brief and the Motion for the Court to Order Distribution of Funds Deposited with the Court to DCR Fund I, L.L.C. (Doc. No. 395).

[15]The fee request for this appeal contained two typographical errors.  First, the total fee requested for lead attorney, Michael D. Gray, was mis-typed as $2,976.00 instead of $2,975.00. Second, the total fees requested for this appeal was listed as $5,227.00 instead of $5,216.00.