IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DCR FUND I, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TAL TECHNOLOGIES, INC., et al., )<br>)<br>Defendants and )<br>_____)<br>MOSHE TAL, individually and as )<br>assignee of claim of Tal Technologies )<br>Inc., TS Family Limited Partnership, )<br>and Bricktown Grain Elevator Company, )<br>)<br>Counterclaimant/Third )<br>Party Plaintiff, )<br>)<br>v. )<br>)<br>DCR FUND I, L.L.C., and )<br>BRIDGEVIEW BANK, N.A., )<br>)<br>Counterclaim/Cross- )<br>Claim Defendants, )<br>)<br>v. )<br>)<br>BANK ONE, N.A., et al., )<br>)<br>Third-Party Defendants. ) | No. CIV-03-772-L |

# **O R D E R**

On December 6, 2004, the court issued an order declaring plaintiff, DCR Fund I, L.L.C., was entitled to recover on a promissory note executed by defendant Tal

1

Technologies, Inc. ("TTI"). In addition, the court found DCR was entitled to foreclose the mortgage associated with the note and to enforce the guaranty agreements executed by defendants TS Family Limited Partnership ("TSFLP") and Moshe Tal, president of TTI. The court also ruled that defendant Bridgeview Bank, N.A. was entitled to a judgment declaring its mortgage a junior lien on the property at issue and that the mortgage secured payment of the attorney's fees associated with the foreclosure proceeding. On June 3, 2005, the court issued an amended Journal Entry of Judgment reflecting an *in rem* judgment in favor of DCR and against TTI "in the amount of $191,946.46, along with interest accrued as December 23, 2004 in the amount of $83,686.65, plus post-judgment interest accruing at the annual rate of 2.66% from December 23, 2004 until paid, along with attorney's fees and costs to be awarded". Amended Journal Entry of Judgment at 5 (Doc. No. 310). DCR was granted *in personam* judgment against TTI, TSFLP and Tal in the same amount. Likewise, Bridgeview was granted judgment in an amount equal to its attorney's fees, in an amount to be determined.

On July 5, 2005, the Tal defendants appealed the court's judgment on the merits and sought a stay of execution. Defendants posted a cash bond of $279,550.66, which was placed in an interest bearing account. The court approved the bond amount and granted the motion for stay. Order at 1 (Doc. No. 348). Thereafter, the court awarded attorney's fees to DCR and Bridgeview. The court awarded DCR $109,480.50 in fees, together with post-judgment interest at the rate

of 4.09 percent, and Bridgeview was awarded $113,901.87. Judgment (Doc. No. 358). After the court denied the Tal defendants' motion to alter or amend the judgment assessing fees, the Tal defendants timely appealed that judgment as well. Notice of Appeal (Doc. No. 372). Thereafter the Tal defendants posted an additional cash bond of $224,608.89, and the court granted their motion to stay enforcement of the attorney's fees judgment. Order at 2 (Doc. No. 370).

On January 24, 2008, the Court of Appeals issued an Order and Judgment affirming this court's award of summary judgment to DCR and Bridgeview in all respects. DCR Fund I, LLC v. TS Family Ltd. P'ship, 2008 WL 196298 (10th Cir. 2008). The fee-related appeal had been previously dismissed by the Court of Appeals. The Court granted DCR's and Bridgeview's requests for appeal-related attorney's fees in both the merits appeal and the fee appeal. DCR Fund I, LLC v. TS Family Ltd. P'ship, Case Nos. 05-6232 & 05-6395, order at 2-3 (10th Cir. Feb. 26, 2008). In a separate order issued this date, the court has awarded additional attorney's fees to DCR and Bridgeview.

This matter is before the court on DCR's Motion for the Court to Order Distribution of Funds Deposited with the Court to DCR Fund I, L.L.C. Bridgeview supports DCR's motion and moves for disbursement to it of any excess funds. The Tal defendants objected to releasing the funds on the ground that the appeal proceedings were not final because they intended to file a petition for writ of certiorari with the United States Supreme Court. The Tals' Objections to DCR Fund

I, LLC Motion to Release Bond Funds at 2 (Doc. No. 397).  A review of the court's docket reflects that the Tal defendants did, in fact, file a petition on April 23, 2008. (Doc. No. 403).  The filing of a petition for review in the Supreme Court, however, is insufficient to stay execution of the judgment.

Stays of execution pending Supreme Court review are governed by 28 U.S.C. § 2101(f), which provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court.  The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . .

28 U.S.C. § 2101(f).  This section has uniformly been interpreted as requiring the stay be issued by the Court of Appeals or a justice of the United States Supreme Court.  See Brinkman v. Dep't of Corrections, 857 F. Supp. 775, 777 (D. Kan. 1994) (collecting cases).

The Tal defendants are, in effect, asking this court to stay the Tenth Circuit's mandate, which the court cannot do.  Moreover, their request to the Circuit to withdraw the mandate was summarily denied by that Court.  DCR Fund I, LLC v. TS Family Ltd. P'ship, Case Nos. 05-6232 & 05-6395, order at 3-4 (10th Cir. Feb. 26, 2008) (Doc. No. 391).  There is no indication in the record that the Tal defendants have sought or obtained a stay from a justice of the Supreme Court.  As the

mandate from the Court of Appeals has issued, this court's prior stay dissolved as a matter of law. The Tal defendants are therefore obligated to pay the judgments against them from the funds on deposit with the court.

The Motion for the Court to Order Distribution of Funds Deposited with the Court to DCR Fund I, L.L.C. (Doc. No. 395) is GRANTED. The Clerk of Court is directed to disburse the sum of $486,764.00 together with $32.56 per diem from this date until paid to plaintiff, DCR Fund I, L.L.C., in full payment of the Judgments issued June 3, 2005 (Doc. No. 310), October 12, 2005 (Doc. No. 358), and this date. Bridgeview Bank, N.A.'s Separate Motion for Order Disbursing Excess Funds (Doc. No. 401) is also GRANTED. The Clerk of Court is directed to disburse all sums in excess of those paid to plaintiff to Bridgeview Bank, N.A.

It is so ordered this 7th day of May, 2008.

*Tim Leonard*
TIM LEONARD
United States District Judge